IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BRADLEY C. BURCHFIELD                                              PLAINTIFF

v.                                   Civil No.  6:20-CV-06150

JOE JONES, *et. al.*                                               DEFENDANTS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a provisionally filed 42 U.S.C. § 1983 civil rights action which the Honorable Timothy L. Brooks, United States District Judge, referred to the undersigned, pursuant to 28 U.S.C. §§ 636(b)(1), (3), for report and recommendation.  Before the Court for consideration is Plaintiff's failure to obey a Court Order and failure to prosecute his case.

### I.  BACKGROUND

Plaintiff filed his Complaint on December 15, 2020.  (ECF No. 1).  On December 16, 2020, he was ordered to submit an Amended Complaint on the court-approved form for the Western District.  (ECF No. 4).  On January 4, 2021, he submitted an Amended Complaint which did not utilize the Court-approved form and was not signed as a verified complaint under penalty of perjury.  (ECF No. 10).  After various issues regarding Plaintiff's *in forma pauperis* status were addressed, the Court entered a second Order directing Plaintiff to submit his Amended Complaint by March 16, 2021.  (ECF No. 27).  Plaintiff filed a Response on March 30, 2021, stating he did not view the Court's Order to be valid.  (ECF No. 29).  On April 8, 2021, the Court entered a third Order, advising Plaintiff that compliance with Court's Order is required, and providing another opportunity to submit his Amended Complaint on the court-approved form by April 30, 2021.  (ECF No. 31).

1

Plaintiff filed a Motion for Extension on April 28, 2021, requesting a period of ninety (90) days to submit his Amended Complaint. (ECF No. 34). The motion was neither signed nor dated by Plaintiff. *Id*. at 3. As part of his motion, Plaintiff noted he was no longer incarcerated and the court-approved form which he was provided was labelled as one to be used by prisoners filing § 1983 claims; Plaintiff asked that he be permitted to file his Complaint as a free person. *Id*. at 3. The Court explained that the court-approved form is also required for use by non-incarcerated *pro se* litigants as it is designed to help them frame their complaint in accordance with the requirements of § 1983 and the Federal Rules of Civil Procedure, advising that, as a *pro se* litigant, Plaintiff is required to use the court-approved form. In lieu of dismissal, the Court granted Plaintiff another opportunity to comply, establishing May 10, 2021, as the deadline for submitting his Amended Complaint. (ECF No. 35).

On May 20, 2021, Plaintiff filed another Motion for Extension of Time to file his Amended Complaint. (ECF No. 36). Plaintiff again questioned the validity of the Court's Order, stating he did not have money for envelopes and arguing his case should be referred to the United States Supreme Court. *Id*. Alternatively, he requested an extension of ninety (90) days to submit his Amended Complaint. I*d*. Plaintiff was afforded a final opportunity to file his Amended Complaint by June 14, 2021. (ECF No. 37).

## II. LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state, in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party

> proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules
> of Civil Procedure.

Local Rule 5.5(c)(2).

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that plaintiff has failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

### III.   ANALYSIS

In each Order granting additional time to submit his Amended Complaint, Plaintiff was advised that failure to submit his Amended Complaint on the court-approved form by the deadline would result in the dismissal of his case. To date and despite the Court's extensions, Plaintiff has failed to submit his Amended Complaint and consequently, this matter cannot proceed further. Pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court recommends that Plaintiff's Complaint be dismissed without prejudice for failure to comply with the Local Rules and this Court's Orders, and for failure to prosecute his case.

### III.   CONCLUSION

Accordingly, it is recommended that Plaintiff's Complaint (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE** for the reasons stated herein.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

      DATED this 24th day of June 2021.

                                            /s/ *Christy Comstock*
                                            HON. CHRISTY COMSTOCK
                                            UNITED STATES MAGISTRATE JUDGE